**FILED**
**DECEMBER 29, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37171-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRYAN GREGORY BRODIL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Bryan Brodil appeals legal financial obligations (LFOs) imposed in conjunction with his sentence for felony assault. We reverse two of his LFOs and remand for further proceedings.

BACKGROUND

On January 18, 2012, Bryan Brodil pleaded guilty to two counts of first degree assault. He received appointed counsel. At sentencing, the trial court imposed

240 months' imprisonment and $1,450 in LFOs. The LFOs included a $500 crime victim penalty assessment under RCW 7.68.035(1)(a), a $200 criminal filing fee under RCW 36.18.020(2)(h), and $750 in attorney fees under RCW 9.94A.760 and RCW 10.01.160. The trial court did not conduct a colloquy prior to imposing the LFOs. The court also failed to advise Mr. Brodil of his right to appeal.

Mr. Brodil filed a notice of appeal on October 4, 2019. The appellate court commissioner extended Mr. Brodil's time for filing his appeal in light of the trial court's failure to advise him of his appeal rights. In this appeal, Mr. Brodil's arguments are limited to the $200 criminal filing fee and the $750 in attorney fees.

ANALYSIS

In 2018, the legislature amended several LFO statutes "to categorically prohibit the imposition of any discretionary costs on indigent defendants." *State v. Ramirez*, 191 Wn.2d 732, 739, 426 P.3d 714 (2018). The protections afforded by the 2018 LFO amendments apply retroactively to defendants with cases pending direct appeal. *Id.* at 749. Where a defendant contests LFOs under the 2018 amendments and the record fails to clarify the defendant's finances, remand is appropriate for an assessment of the defendant's financial circumstances and a determination of the propriety of LFOs under the current statutory scheme. *See id.* at 750.

Because Mr. Brodil's case is on direct review, he is entitled to the benefits of the 2018 legislation as set forth in *Ramirez.* In addition, because the current record fails to clarify Mr. Brodil's financial circumstances, remand for reassessment is warranted.

As the law currently stands, the following standards apply on remand:

- The $200 criminal filing fee will be mandatory unless the trial court determines Mr. Brodil is "indigent" as that term is defined in RCW 10.101.010(3)(a)-(c). *See* RCW 36.18.020(2)(h).

- The $750 in attorney fees will be discretionary, but cannot be imposed if Mr. Brodil meets the indigence standards as set forth in RCW 10.101.010(3)(a)-(c). *See* RCW 9.94A.760(1).

- The $500 crime victim penalty assessment will remain mandatory, regardless of Mr. Brodil's ability to pay. *See* RCW 9.94A.760(1); *see also State v. Catling*, 193 Wn.2d 252, 259-60, 438 P.3d 1174 (2019).[1]

## CONCLUSION

The $200 criminal filing fee and $750 in attorney fees are reversed. This matter is remanded for the limited purpose of assessing Mr. Brodil's ability to pay the foregoing

---

[1] Mr. Brodil recognizes the crime victim penalty assessment remains mandatory and he has not asked the court to strike this LFO.

No. 37171-9-III
*State v. Brodil*

two LFOs pursuant to current statutory standards. Should the parties reach an agreement

regarding the propriety of these two LFOs, the judgment and sentence can be amended

without the need for further hearings.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

4